IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. GRUBBS, INTERNATIONAL CHEMICAL SYSTEMS, INC., dba ENVIRONMENTAL CHEMICAL SOLUTIONS,<br><br>          Plaintiffs,<br><br>     v.<br><br>DAVID J. IREY, an individual, and DOES 1 through 100, inclusive,<br><br>          Defendants.<br>_____/ | No. Civ. S-06-1714 RRB GGH<br><br>**Memorandum of Opinion<br>          and Order** |

Edward J. Grubbs ("Grubbs") and International Chemical Systems, Inc., dba Environmental Chemical Solutions ("ECS") (collectively "Plaintiffs"), brought an action against San Joaquin County Deputy District Attorney David J. Irey ("Irey") alleging civil rights violations and a state law claim. Irey now moves to stay the instant action.  Plaintiffs oppose the

motion. For the reasons stated below, the court **GRANTS** the motion.[1]

## I. BACKGROUND

ECS is a corporation in the business of developing products that can be used to cleanup and protect the environment and people from exposure to petroleum spills. Pl.'s Opp. to Def.'s Mtn. to Stay Proceedings at 2. In particular, ECS developed and marketed a product known as FM 186-2, which was designed to contain and cleanup small petroleum spills that occur at gas stations. Id. Upon learning about FM 186-2 and its alleged ability to render a gas spill non-flammable and non-toxic, the San Joaquin County Department of Environmental Health became concerned about the efficacy and safety of FM 186-2 and referred the matter to the San Joaquin County District Attorney's Office. Def.'s Mtn. to Stay Proceedings at 3.[2]

---

[1] Inasmuch as the court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

[2] Of particular concern to Irey are claims made by Grubbs regarding the efficacy and safety of FM 186-2. For instance, Irey asserts that "Grubbs, as the President and Chief Executive Officer of ECS, claims that application of FM 186[-2] to split hydrocarbon breaks down the hydrocarbons so that they may be

In 2001, Irey began an investigation into the efficacy and safety of FM 186-2.  Def.'s Mtn. to Stay Proceedings at 3. Presently, Irey, along with various other cities and counties ("Task Force"), are investigating whether ECS violated California Business and Professions Code §§ 17200 and 17500, the California Hazardous Substance Control Act, Health and Safety Code § 25100 et seq., as well as issues related to the waste treatment and waste disposal associated with FM 186-2.  Id.[3]  On August 3, 2006, Plaintiffs brought an action against Irey alleging civil rights violations under 42 U.S.C. § 1983 and a state law defamation claim.  Docket at 1.[4]  On June 11, 2007,

---

digested by naturally occurring bacteria; neutralizes toxicity, 'instantly render[ing] a gas spill non-flammable by suppressing gasoline vaporization'; and that the cleanup materials are not considered hazardous waster after they are used."  Def.'s Mtn. to Stay Proceedings at 2-3.  Irey further asserts that "[a]ccording to Grubbs, FM 186[-2] 'does such a good job of converting oil into a benign substance that people could swallow it without harmful effects.' "  Id. at 3.

[3] The investigation into FM 186-2 is both criminal and civil in nature insofar as it seeks to discover evidence that may form the basis of a criminal or civil enforcement action against ECS and others.  Def.'s Mtn. to Stay Proceedings at 2.

[4] Plaintiffs allege an Equal Protection claim predicated upon Irey's alleged selective enforcement of state laws and regulations in bad faith for the purpose of harassment.  Compl. at 11-14.  Additionally, Plaintiffs allege a Due Process claim predicated upon Irey's alleged arbitrary and unreasonable investigative conduct pursued out of personal animus and bad faith, which has allegedly harmed Plaintiffs' reputation and resulted in the denial and deprivation of a federally protected property right, namely Plaintiffs' business good will.  Id. at 15-16.  Finally, Plaintiffs allege a defamation claim predicated

Plaintiffs propounded discovery on Irey (interrogatories and a request for production of documents). Pl.'s Opp. to Def.'s Mtn. to Stay Proceedings at 2. On January 11, 2008, Irey filed a motion to stay the instant action pending the resolution of the ongoing parallel investigation. Docket at 21. In this regard, Irey seeks an initial one year stay subject to an extension based on grounds asserted in a later filed motion. Id. Irey maintains that a stay is warranted in order to prevent Plaintiffs from compromising the integrity of the ongoing parallel investigation through the disclosure of confidential and sensitive information that may form the basis of a criminal or civil enforcement action against ECS and others. Def.'s Mtn. to Stay Proceedings at 2.

## II. DISCUSSION

**A.   Motion for Stay**

District courts have the authority to stay civil proceedings pending the resolution of a parallel criminal investigation. <u>St. Paul Fire and Marine Ins. Co. v. U.S.</u>, 24 Cl.Ct. 513, 515 (Cl.Ct. 1991); <u>U.S. v. Any and All Assets of that Certain Business Known as Shane Co.</u>, 147 F.R.D. 99, 101

---

upon Irey's alleged false and defamatory statements made to third parties about FM 186-2 (including regulators, customers and potential customers), which has allegedly caused a loss of profits and reputation. Id. at 16-18.

4

(M.D. N.C. 1992).[5]  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  While the court has discretion to stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution.  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).  "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.  Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem[ ] to require such action. " Id. (internal quotation marks and citation omitted).  "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id.; see also Favaloro v. S/S Golden Gate, 687 F.Supp. 475, 482 (N.D. Cal. 1987) ("The court makes a determination regarding a

---

[5] This authority allows a court to "stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." Securities & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc).

stay based on the facts of each case and balances the unfairness to each party."). In determining whether or not to grant a stay a court should consider the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Keating, 45 F.3d at 325.

The decision to stay a civil action pending the completion or declination of a criminal investigation lies within the sound discretion of the trial court. Horn v. District of Columbia, 210 F.R.D. 13, 15 (D.D.C. 2002) (citing Landis, 299 U.S. at 254-55). No general rule, however, has been articulated governing the determination of whether a civil action should be stayed pending the completion of a criminal investigation where it is alleged that the civil action will necessarily interfere with an ongoing investigation. Horn, 210 F.R.D. at 15; St. Paul Fire and Marine Ins., 24 Cl.Ct. at 515. Rather, a court must determine the propriety of a stay on a case-by-case basis after considering whether the moving party has: (1) made a clear

showing, by direct or indirect proof, that the issues in the civil action are "related" as well as "substantially similar" to the issues in the criminal investigation; (2) made a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending; and (3) established that the duration of the requested stay is not immoderate or unreasonable.  Horn, 210 F.R.D. at 15; St. Paul Fire and Marine Ins., 24 Cl.Ct. at 515.  "Moreover, 'the mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay.'"  Horn, 210 F.R.D. at 15.

**B.   Analysis**

    **1. Relatedness of the Actions**

In the present case, it is clear that the issues in the civil action and the ongoing parallel investigation are "related" and "substantially similar" inasmuch as the civil action arises out of Irey's alleged unlawful conduct in connection with his investigation into FM 186-2.[6]  Thus, because

---

[6] According to Plaintiffs, the civil action was initiated to "remedy the harm done to their business and their reputation as a result of Irey's unlawful investigation of FM 186[-2]."  To this end, Plaintiffs have propounded discovery seeking, among other things, the identities of Irey's sources and a broad range of documents and information related to the investigation. Exhs., A-B, attached to Irey's Mtn. to Stay Proceedings.

the parallel proceedings will likely involve an overlap of witnesses and documentary evidence, the court finds that this factor weighs in favor of a stay.

**2. Hardship or Inequality**

Irey maintains that, absent a stay, the integrity of the ongoing parallel investigation will be compromised because Plaintiff seeks the disclosure of confidential and sensitive information that may form the basis of a criminal or civil enforcement action against ECS and others.  Plaintiffs, for their part, argue that a stay is improper because Irey has failed to make a particularized showing demonstrating why the revelation of information or sources obtained during the investigation would significantly impact the parallel proceedings.  Additionally, Plaintiffs argue that a stay is improper because Irey's concerns regarding the disclosure of confidential and sensitive information are more appropriately addressed through a protective order or objections to discovery (e.g., official information privilege) rather than a stay. Here, because it appears from the discovery requests that the witnesses and documentary evidence in the two cases will overlap, and that Plaintiffs seek disclosure of evidence that would likely interfere with the ongoing parallel investigation, the court finds that this factor weighs in favor of a stay.  See Dresser, 628 F.2d at 1375-76 (noting that prejudice to a

criminal case might result from the availability of broader discovery in the parallel civil action); St. Paul Fire and Marine Ins., 24 Cl.Ct. at 516 ("the reason why courts attempt to avoid concurrent civil and criminal suits is that 'the broader discovery permissible in civil cases should not be used to compromise parallel criminal proceedings' "); see also Shane Co., 147 F.R.D. at 101 (when a civil proceeding may interfere with a criminal investigation, the government may seek to stay discovery in the civil action in order to protect the criminal investigation and such requests are presumptively reasonable, nothing else appearing).  Indeed, courts have been hesitant to permit a civil plaintiff to use the liberal civil discovery procedures to gather evidence to which they might not be entitled under the stricter rules of criminal procedure to permit an otherwise impermissible preview of the Government's criminal case.  See e.g., Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).[7]

---

[7] In Campbell, the plaintiff brought a civil action for a tax refund while a criminal prosecution of the plaintiff for tax fraud was being considered. Campbell, 307 F.2d at 481. Although the government had not yet presented the case against the plaintiff to a grand jury, the I.R.S. moved to stay the civil suit pending the outcome of its criminal investigation. Id. at 481-82. The district court denied the I.R.S.'s motion and granted judgment for the plaintiff. Id. at 483-85. On appeal, the Fifth Circuit reversed pointing to the dangers of allowing a civil case to go forward where it is intimately related to an ongoing criminal case, especially given the clear

### 3. Duration of Stay

Irey requests that the court stay the civil action for an initial one year period subject to an extension based on a later filed motion. Irey, however, has not explained why such a lengthy delay is required, nor has Irey set forth any particularized facts suggesting why the parallel investigation has been ongoing for nearly seven years or when indictments may be forthcoming. Rather, Irey generally asserts that the type of delay experienced is not uncommon for environmental cases, especially when, as here, the government has scarce resources and a very high caseload. This explanation, without more, is insufficient to demonstrate that a one year stay is reasonable or within the bounds of moderation. <u>Landis</u>, 299 U.S. at 256 (a stay of civil proceedings may be granted by a court so long as that discretion is not abused and the stay is "kept within the bounds of moderation."). Therefore, because Irey is, in effect, asking to stay the civil action for a potentially protracted

---

cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. <u>Id.</u> at 487. There, the court stated that "[a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial. Judicial discretion and procedural flexibility should be utilized to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." <u>Id.</u>

period, and because the parallel investigation has been ongoing for a substantial length of time, the court finds that this factor weighs against a one year stay. Indeed, Irey has failed to advance any reason why a stay of such duration is reasonable.

### 4. Plaintiffs' Interests

Turning to the Keating factors, Plaintiffs argue that Irey has had since 2001 to complete his investigation and that any further delay would cause substantial prejudice to ECS' right to carry on its business and earn a livelihood. Here, because the parties do not dispute that Plaintiffs have a right to an expeditious resolution of their claims, and because further delay is likely to cause prejudice to Plaintiffs, this factor invariably weighs against a stay.

### 5. Burden on Irey

As discussed above, the burden which the discovery aspect of the civil action may impose on the government favors a stay. While a criminal defendant is entitled to very limited discovery, Degen v. United States, 517 U.S. 820, 825 (1996), in a civil case, by contrast, a party is entitled to broad discovery of any information sought if it appears "reasonably calculated to lead to the discovery of admissible evidence." Id. at 825-26. Here, because the parallel proceedings will most likely involve overlapping witnesses and evidence, the discovery involved in the civil action will likely interfere with the

11

ongoing parallel investigation.  As such, this factor weighs in favor of a stay.

### 6. Convenience of the Court

A court may exercise its inherent discretionary authority to stay cases to control its docket in the interests of justice and efficiency.  Landis, 299 U.S. at 254-55; see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1111 (9th Cir. 2005). ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  Here, a stay will not only serve the interests of justice by preventing the civil action from interfering with the ongoing parallel investigation, see St. Paul Fire and Marine Ins., 24 Cl.Ct. at 517 (the interests of justice require freezing civil proceedings when a criminal prosecution involving the same facts is warming up or under way so as to obviate improper interference with ongoing criminal proceedings), but will also serve the interests of judicial economy because the resolution of the parallel proceedings will likely serve to narrow the issues and streamline the discovery process in the civil action.  See Maloney v. Gordon, 328 F.Supp.2d 508, 513 (D. Del. 2004) ("If the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding

potential discovery disputes involving issues that may affect the criminal case. . . . Furthermore, the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case."); see also Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 58 (D.C. Pa. 1980) (noting that the termination of a parallel criminal case can be expected to remove the predicate for the assertion of the Fifth Amendment right against self-incrimination by potential deponents in the civil case, which should allow civil discovery to proceed more smoothly than would otherwise be possible). Accordingly, this factor weighs in favor of a stay.

**7. Interest of Third Parties**

Here, because neither party has articulated a compelling reason why the interests of any third party should affect whether or not a stay should be granted, this factor does not weigh in favor or against a stay.

**8. Interest of the Public**

"The public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings." Shane Co., 147 F.R.D. at 101. For instance, because there is a great disparity in the discovery process between civil and criminal proceedings, as criminal

proceedings have a much narrower scope of discovery, courts may protect that difference on behalf of the public. Id.; see Campbell, 307 F.2d at 487 (stating that the public interest in the criminal case is entitled to precedence over the civil litigant: "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."); St. Paul Fire and Marine Ins., 24 Cl.Ct. at 516 (where it is likely that the broader rules of discovery could be used to compromise parallel criminal proceedings, such as where the proceedings involve similar evidence, the public's interest in law enforcement surfaces and mandates that criminal proceedings be given priority over the concurrent civil proceedings). Accordingly, because it is likely that the broader rules of civil discovery could be used to compromise the ongoing parallel investigation, this factor weighs in favor of a stay.

For these reasons, the court concludes, on balance, that a stay is appropriate. However, because Irey has failed to advance any reason why a stay of one year is reasonable or within the bounds of moderation, the court declines to grant a stay of such duration. Instead, the court grants a six-month stay. If Irey desires to extend the stay beyond six-months, he must submit a timely motion justifying such action. The court,

however, cautions Irey that a motion seeking to extend the stay must contain, among other things, a detailed explanation as to why the investigation remains ongoing as well as facts suggesting a time frame as to the resolution of the parallel proceedings.

### III. CONCLUSION

For the reasons stated above, the court **GRANTS** the motion. **The instant action is stayed for six-months.**

**IT IS SO ORDERED.**

ENTERED this 28th day of March, 2008.

            s/RALPH R. BEISTLINE
            United States District Judge